at his post, alone; the car had an open vestibule; the motorman was in plain view of the conductor and passengers; that on seeing the automobile on the track ahead the motorman exclaimed "Just look at that," and put on the emergency brakes; that when he saw the plaintiff the car was about one hundred and twenty to one hundred and twenty-five feet distant from the point where the plaintiff was standing. The conductor and passengers corroborate the motorman in all important particulars.

The case shows a street light between the stalled automobile and the defendant's car, a fixed light facing an approaching car light, both lights subject to the effects of a very recent rainfall and a then present heavy fog or mist. We have examined the record with care, and we are convinced that the plaintiff has failed to establish either his own due care, or the negligence of the defendant. The jury erred in finding otherwise. The evidence for the plaintiff, and particularly the testimony of the plaintiff himself, fails signally to establish these essential propositions. As to the rule of the last clear chance, invoked by the plaintiff, the testimony of defendant is ample, and the fact that the plaintiff went back but sixty or sixty-five feet to give warning to the approaching car on a night like the one in question, tends to corroborate the same, that the motorman on defendant's car acted promptly as soon as he knew, or in the exercise of due care should have known, that plaintiff's car was on the defendant's car line. There is nothing in the evidence to support any other theory, and no facts proved from which any other inference could legally be drawn.

A review of the case impels the conclusion that the verdict of the jury is manifestly wrong. The motion for a new trial must be sustained. It is unnecessary to consider the exceptions. Motion sustained. Verdict set aside. New trial granted. *Beane & Beane*, for plaintiff. *Andrews, Nelson & Gardiner*, for defendant.

---

EDWARD H. MARTIN *vs.* FRED E. ELDRIDGE ET AL.

Penobscot County. Decided April 5, 1924. An action to recover for personal injuries received by falling through an open trap-door into the basement of a potato house owned by the defendants and

in which the plaintiff had potatoes stored, it being claimed by the plaintiff that the trap door was negligently permitted by the defendants to remain open in a dimly-lighted room through which he was invited to pass in reaching the room, on floor, where his own potatoes were stored.

The jury found for the plaintiff. The case comes before this court on a motion for a new trial on the usual grounds. The only grounds urged by the defense in support of their motion are that the plaintiff was not an invitee in passing through the room in which the trap door was located, and that in leaving it open, if he did, the servant of the defendant was not acting within the scope of his employment at the time.

Both grounds involved questions of fact which were submitted to the jury, presumably under proper instructions, as no exceptions are presented here. An examination of the evidence does not disclose that the jury were not warranted in their findings. Motion overruled. *W. B. Peirce and C. W. & H. M. Hayes,* for plaintiff. *Fellows & Fellows,* for defendant.

---

## MAY PALMER *vs.* PHILOMENA ORLANDELLO.

Cumberland County. Decided April 5, 1924. The plaintiff recovered a verdict before a jury for personal injuries received in the Winter of 1922 while crossing a street in the city of Portland, being struck by the defendant's horse which was running away, out of control, having, as the plaintiff alleged, been left in the street insecurely fastened.

The case comes before this court on a motion for a new trial on the usual grounds. The only ground urged by the defendant in support of her motion is that the evidence fails to disclose any affirmative proof of due care by the plaintiff or from which it can be legitimately inferred.

The plaintiff says the snow was piled very high alongside the sidewalks, that she had just stepped off the curbing on to the cross-